UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUAN S.,

          Plaintiff,

v.

NANCY A BERRYHILL, Deputy Commissioner for Social Security of Operations,

          Defendant.

CASE NO. 3:18-CV-05346-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5. After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred (1) when he failed to consider medical opinion evidence relevant to whether Plaintiff has severe impairments at Step Two, and (2) when he failed to properly assess Plaintiff's need for a cane in the residual functional capacity ("RFC") assessment. Had the ALJ properly considered all of the

medical opinion evidence, the RFC may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

FACTUAL AND PROCEDURAL HISTORY

On March 31, 2015, Plaintiff filed an application for DIB, alleging disability as of July 20, 2007. AR 256. ALJ Andrew Grace held an administrative hearing on September 15, 2016. AR 38-81. The ALJ denied Plaintiff's claim on February 10, 2017. AR 15-30. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-3; 20 C.F.R. §§ 404.981, 416.1481.

In Plaintiff's Opening Brief, Plaintiff argues the ALJ erred (1) in his consideration of Plaintiff's mental impairments at Step Two of the sequential evaluation process, and (2) by failing to properly assess Plaintiff's need for a cane in the RFC assessment. Dkt. 10, pp. 2-12.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.  Whether the ALJ properly considered evidence of Plaintiff's mental impairments at Step Two of the sequential evaluation process.**

Plaintiff argues the ALJ failed to properly consider all of the evidence of his mental impairments at Step Two of the sequential evaluation process. Dkt. 10, pp. 2-9. Specifically,

Plaintiff argues the ALJ ignored medical opinion evidence from two psychiatrists, and further failed to explain how he resolved conflicting medical opinions. *See id.*

Step Two of the Administration's evaluation process requires the ALJ to determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). The Step Two determination of whether or not a disability is severe is merely a threshold determination, raising potentially only a "prima facie case of a disability." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999)). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Regarding mental impairments, the ALJ considers four broad functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3).

When an opinion from an examining or treating doctor is contradicted by other medical opinions, the treating or examining doctor's opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Id.* at 571.

At Step Two, the ALJ determined Plaintiff's mental impairments to be major depressive disorder, generalized anxiety disorder, panic disorder, and post-traumatic stress disorder, which the ALJ determined to be non-severe. AR 21. The ALJ stated Plaintiff "would have no difficulty following simple instructions to carry out simple tasks." AR 22. The ALJ also stated Plaintiff "was able to cooperate with the two examining psychiatrists and to perform all requested tasks." AR 22. The ALJ noted Plaintiff appeared to have no problem with the ability to concentrate, persist, and maintain pace, and that the record showed no problems with personal care. AR 22. The ALJ concluded Plaintiff's impairments were not severe because they "do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities." AR 21.

Plaintiff argues the ALJ's Step Two analysis was erroneous because the ALJ failed to address reports from all of the examining psychiatrists. Dkt. 10, p. 8.

With respect to Plaintiff's mental impairments, the ALJ addressed reports from two examining psychologists at Step Two. AR 21-22. The ALJ first addressed the psychological examination performed by Dr. Mary Lang-Furr, M.D., on May 11, 2011. AR 621. Dr. Lang-Furr diagnosed Plaintiff with major depressive disorder, severe with psychotic features; post-traumatic stress disorder; and generalized anxiety disorder. AR 625. Dr. Lang-Furr opined that Plaintiff's mental health issues "are treatable with medication management and psychotherapy," and Plaintiff's likelihood of recovery "is good especially if he gets concurrent pharmacotherapy and psychotherapy." AR 625. Dr. Lang-Furr opined that Plaintiff's "likelihood of recovery within the next 12 months is good" and his mental condition would improve "within a year with some medication adjustment." AR 625. She concluded Plaintiff "can perform work activities on a consistent basis" and could maintain regular attendance in the workplace "without interruptions from his psychiatric condition." AR 626.

The second psychological examination the ALJ addressed was performed by Dr. Rebecca Hendrickson, M.D., Ph.D., on December 1, 2012. AR 644. Dr. Hendrickson diagnosed Plaintiff with major depressive episode, severe; and generalized anxiety disorder. AR 649. Dr. Hendrickson opined that if Plaintiff received more aggressive treatment, the likelihood of recovery would be fair and the likelihood of improvement within a year would be good. AR 649. She also opined Plaintiff could "perform work activities on a consistent basis with additional supervision if they were work activities that he could physically do." AR 650. She opined Plaintiff could complete a normal workday or workweek without interruptions from his psychiatric condition, but added "he actually has a very real risk of suicide at this point over the next year or so." AR 650.

However, the ALJ did not address reports from two other psychiatrists contained in the record: Dr. Doug Robinson, M.D., and Dr. Philip G. Perkins, D.O.[1] *See* AR 21-22.

Dr. Robinson conducted an independent evaluation of Plaintiff on July 11, 2013. AR 845. Dr. Robinson concluded there were no work restrictions required as a result of Plaintiff's psychiatric condition. AR 854.

Dr. Perkins interviewed Plaintiff and conducted a record review on September 26, 2013. AR 842. Dr. Perkins opined Plaintiff scored 25 on the Beck Depression Inventory and that the assessment was consistent with major depressive disorder, moderate severity. AR 843. Dr. Perkins also stated, "Given [Plaintiff's] forgetfulness, gainful employment is probably not within his capability at this time." AR 844.

---

[1] The ALJ received the reports from Drs. Perkins and Robinson after the hearing. *See* AR 42 (admitting Exhibits 1-A through 17-F). However, both reports were submitted before the ALJ's decision, as part of Exhibit 18F, which the ALJ stated he relied on in reaching his decision. AR 37, 842, 845. Defendant does not address the ALJ's failure to consider these reports.

Hence, given Dr. Perkins' assessment that "gainful employment" was probably not within Plaintiff's capability, the ALJ may have found Plaintiff had a severe mental impairment at Step Two had he properly considered this opinion. In any case, Dr. Perkins' medical opinion that Plaintiff could not engage in gainful employment contradicts the opinions of Drs. Lang-Furr, Hendrickson, and Robinson. The ALJ therefore needed to provide specific and legitimate reasons supported by substantial evidence in the record to explain why he rejected Dr. Perkins' medical opinion. *See Lester*, 81 F.3d at 830-31. The ALJ did not address Dr. Perkins' report at all in his Step Two analysis or elsewhere in his decision and thus failed to explain how he resolved the conflicting opinions and concluded Plaintiff did not have a severe mental impairment at Step Two. Accordingly, the ALJ erred, and on remand, the ALJ must determine if Plaintiff's mental impairments are severe.[2]

**II.**   **Whether the ALJ erred in failing to properly assess Plaintiff's need for a cane in the RFC assessment.**

Plaintiff argues the ALJ erred in omitting the need for a cane from Plaintiff's RFC assessment for light work. Dkt. 10, pp. 9-11.

An RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-9p, 1996 WL 374184, at *1 (1996). An RFC must include an individual's functional limitations or restrictions and assess his "work-related abilities on a function-by-function basis." *Id.* Furthermore, an RFC must take into account all of an individual's limitations. *Valentine v. Comm'r of Soc. Sec.*

---

[2] Plaintiff also argues the ALJ erred in giving little weight to the conclusions of Dr. Lang-Furr and Dr. Hendrickson "[t]o the extent that either of these opinions reflects limitations to the claimant's abilities to perform mental work activities." Dkt. 10, p. 6; AR 21. Because the Court concludes the ALJ erred by not providing specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Perkins' conclusion, the Court declines to reach this issue.

*Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Thus, an ALJ errs when he provides an incomplete RFC ignoring "significant and probative evidence." *Jones v. Colvin*, 2015 WL 71709, at *5 (W.D. Wash. Jan. 6, 2015) (citing *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012)).

The record reflects Plaintiff began using a cane in 2009. *See* AR 554. In June 2009, Dr. Daniel Chilczuk, M.D., wrote in a treatment note that he gave Plaintiff "[e]xtensive counseling" about the fact that Plaintiff should discontinue the use of a cane. AR 552. In August 2009, after Dr. Chilczuk's "repetitive request[s]," Plaintiff stopped using his cane. AR 550. In April 2011, Dr. Molly Fuentes, M.D., examined Plaintiff and noted he walked into the examination room unassisted. AR 565. However, Dr. Fuentes opined that a cane was "medically necessary, based upon objective exam findings" for long distances and over all terrain. AR 566.

After Dr. Fuentes' finding that Plaintiff's cane use was medically necessary, additional medical sources noted Plaintiff's cane use. For instance, in May 2015, Plaintiff reported to an orthopedic physician's assistant that he often requires a cane to walk after 4 p.m. AR 698. Plaintiff again saw Dr. Chilczuk in September 2015, after Plaintiff strained his back and began reusing his cane. AR 811. Dr. Chilczuk noted the use of a cane but did not tell Plaintiff to stop using it. AR 811. In October 2015, Plaintiff's physical therapist noted he did not use a cane during physical therapy. AR 828. However, in November 2015, Plaintiff reported to an orthopedic surgeon and a neurologist that he used a cane. AR 866.

In addressing Plaintiff's use of a cane, the ALJ gave "limited weight" to "any mention of the need for a cane," stating:

> In April 2011, the claimant attended a physical consultative examination [with Dr. Fuentes]. The claimant displayed a significant limp with an abnormal stride. He used a cane during the evaluation, which was noted by the examiner to be medically necessary. However, the opinions provided by this source are somewhat unreliable. Even the claimant's treating doctor [Dr. Chilczuk] repeatedly told him not to use a cane to walk, and the claimant reported that he had finally stopped such use in

>August 2009. Yet, at the consultative examination [with Dr. Fuentes in 2011], he appeared using the cane, which means the examiner was unable to adequately assess his functional abilities without use of the cane, which he was told to not use.

AR 25-26 (internal citations omitted).

The ALJ found Dr. Fuentes' opinion regarding the medical necessity of a cane was "somewhat unreliable" because Dr. Fuentes "was unable to adequately assess [Plaintiff's] functional abilities without the use of the cane." AR 25. This is unsupported by the record because Dr. Fuentes stated she observed Plaintiff walking unassisted. AR 565. Accordingly, the ALJ did not provide specific and legitimate reasons supported by the record as to why Dr. Fuentes' medical opinion regarding the cane was unreliable. The ALJ also stated he gave limited weight to medical opinions about the need for a cane because Dr. Chilczuk "repeatedly told [Plaintiff] not to use a cane to walk." AR 25. However, the ALJ does not address Dr. Chilczuk's September 2015 report, in which Dr. Chilczuk did not tell Plaintiff to stop using the cane after he strained his back. Dr. Fuentes' opinion and Dr. Chilczuk's September 2015 report were significant, probative evidence the ALJ ignored. *See Lewis v. Colvin*, No. C13-370-RSL, 2013 WL 5719538, at *12 (W.D. Wash. Oct. 21, 2013) (stating ALJ needed to provide specific and legitimate reasons to reject medical opinion regarding claimant's use of a cane). Accordingly, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that

do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Here, had the ALJ properly considered Dr. Fuentes' opinion and Dr. Chilczuk's September 2015 report, the RFC and the hypothetical questions posed to the vocational expert ("VE") may have included an additional limitation based on Plaintiff's need for a cane. The RFC and hypothetical questions posed to the VE contained this limitation for sedentary work, but not for light work. AR 73-76. As the ultimate disability decision may have changed with proper consideration of whether Plaintiff could perform light work with a cane, the ALJ's error is not harmless and requires reversal.[3] *See Molina*, 674 F.3d at 1115.

### III. Instructions to the ALJ

On remand, the ALJ is directed to reassess Step Two with respect to Plaintiff's mental impairments, properly considering the medical opinion evidence from Drs. Perkins and Robinson. Since reconsideration of medical opinion evidence from Drs. Perkins and Robinson may impact the ALJ's assessment of Drs. Lang-Furr and Hendrickson, the Court instructs the ALJ to also re-evaluate the opinion evidence from Drs. Lang-Furr and Hendrickson as necessary on remand, as well. The Court further directs the ALJ to properly assess the medical opinion evidence about Plaintiff's use of a cane. If the ALJ determines a cane is medically necessary, he will be required to account for cane usage in the RFC. However, if the ALJ explains proper reasons to discount the reports from Dr. Fuentes and Dr. Chilczuk, he may not need to account for cane usage for light work. Therefore, the Court directs the ALJ to consider whether, in light of Dr. Fuentes'

---

[3] Although Plaintiff's Opening Brief requests remand for payment of benefits, it appears Plaintiff is only seeking remand for further administrative proceedings. Dkt. 10, pp. 1, 12-13; Dkt. 12, p. 5. The Court agrees further examination of the record is necessary.

opinion and the September 2015 report from Dr. Chilczuk, Plaintiff's use of a cane is medically necessary.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 30th day of October, 2018.

David W. Christel
United States Magistrate Judge